[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REQUEST FOR PROTECTIVE ORDER
Watstein Watstein for plaintiff.
Michael E. Riley for defendant.
This is a UM claim against the defendant insurance company wherein the plaintiff seeks discovery of the defendant's claim file. The defendant insurance company in its answer specially pled its insurance policy time limitations for bringing an action.
The court has been given the claim file as to which the discovery request is made. The plaintiff claims that in reviewing these documents in camera the asserted claim of attorney client privilege should not be entertained.
Also, the plaintiff claims that the court should review the file and order delivered to the plaintiff all documents that show the defendant was not prejudiced by the failure to bring suit within the prescribed time period because lack of prejudice can be used to defeat any such defense raised by the insurance company. The plaintiff also claims he is entitled to any documents that would support a claim that the company had waived its right to assert its limitation of actions defense.
I.
Regarding the prejudice issue the plaintiff cites the case ofKaminsky v. Aetna Casualty, 10 Conn. L. Rptr. 1 (1993), which CT Page 7551 held that the insured (plaintiff) has the burden of proving lack of prejudice to an insurer in an action to enforce underinsured motorist coverage if the claim was made beyond a contractual limitation period. The court went on to hold that therefore the insured would be entitled to discovery of the insurer's claim file.
The latter ruling would be proper if the supposition on which it was based were true. However, this court disagrees with theKaminsky court's analysis of Aetna Casualty Surety v. Murphy,206 Conn. 409 (1988) and Hotkowski v. Aetna Life CasualtyCo., 224 Conn. 145 (1992).
There is in fact a difference between timeliness claims based on whether the defendant company raises a defense that notice of the claim was not given within the time period set forth in the contract or the quite different defense that suit was not brought within the time period set forth in the contract.
Clearly as to the first type of defense for a variety of equitable reasons and the fact that contracts of adhesion are involved it has been held that non-occurrence of the condition of timely notice may be excused if the insurer suffered no material prejudice.Aetna Casualty Surety Co. v. Murphy, supra at page 418. The reason for such a holding which seems to be accepted throughout the country is that these notice of claim provisions are put into a contract so that the insurer can make a timely investigation before evidence gets stale and witnesses hard to locate. If the insured can show that in a particular case no such prejudice could have resulted by failure to give the notice it would be unconscionable to literally enforce such a provision. This is so because the purpose of such a provision in an insurance contract is to safeguard an insurer from prejudice in processing a claim — where there is no prejudice the purpose is accomplished and there is no recision to allow the insurer to retain the defense.
Limitations on time within which a claim may be brought set forth in a policy raise different concerns that are analogous to those raised by statutorily imposed limitations on actions. Judge Zampano put it very well in Zieba v. Middlesex Mutual AssuranceCo., 549 F. Sup. 1318, 1321 (1982).
 ". . . limitation periods on suits are designed to promote justice by preventing surprises through revival of stale claims, to protect defendants and courts from handling matters in which the search for truth may be impaired by loss of evidence. To CT Page 7552 encourage plaintiffs to use reasonable and proper diligence in enforcing their rights and to prevent fraud. . . .
 The presence or absence of prejudice is not, nor should it be a factor in deciding whether an insurer may effectively assert this defense (limitation of action) under the policy."
At some point "the right to be free of stale claims in time comes to prevail over the right to prosecute them," RailroadTelegraphers v. Railway Express Agency, 321 U.S. 342, 349 (1944). Obviously when a defendant is allowed to assert a limitations defense the plaintiff is prejudiced but the theory of the defense is that even though this may be true society places a higher value on ending the right to proceed on stale claims.
True we have here a contract of adhesion and it can be said that people bargaining with insurance companies are in a position of the weak facing the strong. But there are societal interests in having stale claims laid to rest that have nothing to do with advancing the interests of insurance companies or any other particular class of defendants.
An examination of Couch on Insurance 2d, "Limitation of Actions" §§ 75.1, 75.82 Volume 18A indicates that the defenses of waiver and estoppel are the proper mechanisms developed to bar a defense based on limitation of actions. It is in that way that where contracts of adhesion are involved and the bargaining power of the parties is not in balance that courts can prevent injustice without having to do violence to agreed upon contract terms that serve an important purpose. Cf. Meadows v. Employee'sFire Ins. Co., 298 So.2d 874, 878 (W.Va., 1982). Nowhere inCouch is it suggested that lack of prejudice to the insurer may be asserted as a bar to a limitations defense.
There are no Connecticut appellate cases exactly on point but the language of Montiero v. American Home Assurance Co.,177 Conn. 281 (1979), lends support to the view that Connecticut will follow the generally accepted position on this area as expressed by Judge Zampano. Hotkowski v. Aetna Life Casualty Co.,224 Conn. 145, 148-149 (1992), is no authority for a contrary position. There the court was discussing a limitation of action claim. The insured referred to Aetna Casualty Surety Co. v. Murphy,206 Conn. 409 (1988), a notice of claim case as a basis to advance a lack of prejudice claim to the insurer's reliance on limitation of actions defense. The court said "Even if we were to CT Page 7553 agree that the contract term "claim" is a synonym for "notice of claim" we could not sustain the argument of the insured." Id.
page 148. The court then went on to discuss the failure of the insured to show lack of material prejudice to the insurer. The court was thus not ruling that lack of prejudice is an appropriate issue in these types of cases but merely said that if it were it could not be asserted in the case before it.
II.
The defendant insurer has raised a claim of attorney-client privilege as to some of the documents in question. The court agrees with the general propositions argued by the plaintiff that the burden is on the party asserting the privilege. It is also true that documents not prepared for purposes of communicating with the attorney are not privileged and any privilege is waived if the otherwise privileged communication is divulged or perhaps even overheard by a third party. These are generally accepted views on the privilege that don't require the recitation of any authority. It is also true, insofar as this is a factor in this matter, that it has been held that communications made to so-called "house counsel" also fall under the privilege. Goldenberg v. Corporate Air, Inc.,189 Conn. 504, 509 (1983). Cf. Georgia Pacific v. U.S. Plywood,18 FRD 463 (1956), Zenith Radio Corp. v. RCA, 121 F. Sup. 792,794 (1954).
III.
Applying these principles the court has reviewed the material delivered to it for in camera inspection. There are letters in the file from Attorney Sullivan to Attorney Watstein so I assume the Watstein office is not making a demand for these letters which they already have.
There are also innumerable and, at least to the court, somewhat incomprehensible documents defined as "expense reporting documents." They do not seem to be related to any waiver defense to the limitations claim. The first group of documents reflecting correspondence between lawyer and client are covered by the attorney-client privilege.
The section entitled "running notes" includes some pages already turned over to counsel. The pages marked for my review are exactly that, "running notes." They refer in part to conversations with Attorney Watstein, legal claims that are being advanced, some comments on the plaintiff's condition, but nothing CT Page 7554 that would appear germane to any waiver claim.
As to the packet of documents entitled "claim reporting and Review #2" many of the same comments apply. But on the ninth page of this packet I believe the second full paragraph should be disclosed to the plaintiff (the date on this page is difficult to read but I believe it is 12/3/90). Also on the 11th page dated 9/24/91 the first sentence of the third paragraph should be disclosed — sentence beginning "Defend and ending at D/L3/87 (sic)."
The fourth packet entitled "Miscellaneous documents" does not appear to contain any discoverable materials. It contains two letters Attorney Watstein sent to Aetna which I'm sure he has in his file.
All the documents delivered to me will be put in an envelope and sealed for further review, perhaps at some later stage in the litigation or for appellate review.
CORRADINO, JUDGE