[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
Having successfully moved to strike counts two, three and four of the plaintiff's complaint, which counts had been based on violations of CUIPA, CUTPA and breach of the implied covenant of good faith and fair dealing, the defendant has now moved for summary judgment on count one of the plaintiff's complaint, which alleges failure to pay claims as required by the underinsured motorist provisions of her insurance policy. The essence of the defendant's position is that the contract between the parties clearly and unambiguously requires that, pursuant to those underinsured motorist provisions, any "legal action against the company must begin within the time limit allowed for bodily injury or death actions in the state where the accident occurred." There is no dispute as to the fact that this is an action for bodily injury, rather than death. The applicable statute of limitations, which is two years, is found within General Statutes, § 52-584. There is no dispute that the instant action was brought beyond the time period specified in that statute. Although the plaintiff contends that the policy is ambiguous, this court has reviewed the original contract and its endorsements, and it finds no ambiguity.
The plaintiff also claims that, even if the terms of the contract are clear, this action should not be barred because the defendant has not been prejudiced by the late filing of this legal action. Indeed, she argues, the defendant has benefited by the delay because monies that otherwise would have been owed to the plaintiff have remained at the disposal of the defendant. She claims to find support in Hotkowski v. Aetna Life Casualty Co.,224 Conn. 145, 149 (1992), but a closer reading of the case suggests that the support which is sought is in fact lacking. In this court's view, although issues of prejudice or lack of prejudice may be relevant to the construction of contractual terms dealing with the provision of reasonable notice of claims, such issues are not relevant to specific contractual provisions that are grounded in statutory time limitations. See Arpin v.Aetna Casualty Surety Co., 9 CSCR 895, (August 29, 1994) (Corradino, J.); Stevens v. Aetna Casualty Surety Co.,9 CLR 245, 248, 8 C.S.C.R. 695 (1993) (Hammer, J.); Berk Jainchill,Connecticut Law of Uninsured and Underinsured Motorists Coverage,
§ 3.13.1, n. 46 at 156-57. CT Page 4543
The defendant's motion for summary judgment is therefore granted.
Jonathan E. Silbert, Judge