[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant, The Aetna Casualty and Surety Company ("Aetna"), has moved for summary judgment in this action in which the plaintiff seeks to recover underinsured motorist benefits under a policy issued by Aetna on the grounds that the plaintiff failed to commence this suit either within the time limit set forth in the policy, or the time limit provided under Connecticut General Statutes § 38a-336 (g).
The plaintiff alleges injuries from an accident on January 12, 1991 caused by a tortfeasor, Scott Paradis. At the time of the accident, the plaintiff was insured by Aetna under an insurance policy which limited the time in which to bring suit for uninsured/underinsured motorist claims to two years from the date of the accident. The plaintiff did not commence this suit until February 1, 1994. For the reasons set forth below, this court agrees with the defendant that summary judgment should enter in its favor because the suit should have been commenced within two years from the date of the accident.
Prior to 1992 there was considerable confusion as to whether parties seeking to recover uninsured/underinsured motorist benefits could permissibly institute a claim for arbitration or legal action prior to exhausting all insurance coverage of the tortfeasor(s). In 1992 the Connecticut Supreme Court decided McGlinchey v. Aetna Casualty SuretyCo., 224 Conn. 133, 617 A.2d 445 (1992), and Hotkowski v. Aetna Life Casualty Co., 224 Conn. 145, 617 A.2d 451 (1992) which upheld policy provisions requiring the filing of a claim for underinsured motorist benefits within two years from the date of the accident.
In an effort to remedy the potentially harsh effects of McGlinchey andHotkowski on those who had in good faith delayed filing underinsured motorist claims prior to the exhaustion of other insurance sources, the Connecticut Legislature enacted Section 3 of Public Act 93-77 which CT Page 1357-A provides:
 Sec. 3. (New) No uninsured or underinsured motorist claim or action pending on December 8, 1992, or brought after said date and prior to the effective date of this act [May 20, 1993], in which a settlement has not been reached or a final judgment has not been rendered prior to the effective date of this act, shall fail by reason of any contractual limitation in a motor vehicle insurance policy which limits the time within which such claim shall be submitted to arbitration or such action shall be commenced to a period of time less than that allowed under section 38a-336 of the general statutes, as amended by section 2 of this act.
"Section 3 of P.A. 93-77 was enacted to provide relief to insureds who, in good faith reliance on a complex, and apparently misleading statutory scheme had failed to file a claim for uninsured or underinsured motorist benefits within the two year contractual limitation period, thereby forfeiting their right to do so under our decisions in McGlinchey v. Aetna Casualty SuretyCo., 224 Conn. 133, 617 A.2d 445 (1992), and Hotkowski v. Aetna Life Casualty Co., 224 Conn. 145, 617 A.2d 451 (1992)." Stevens v. Aetna Life Casualty Co., 233 Conn. 460, 468, 469, ___ A.2d ___ (1995).
In light of the ongoing confusion associated with the law of uninsured/underinsured motorists, it is not surprising that both parties have argued that alternate policy limitation periods apply here. The defendant contends that the two year policy period applies, but if it does not apply, then the three year period enacted under Section 2(e) of Public Act 93-77 (codified as Connecticut General Statutes §38a-336(g)) applies. That statute provides:
 No insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration on a claim be made on the uninsured or underinsured motorist provisions of an automobile liability insurance policy to a period of less than three years from the date of accident, provided, in the case of an underinsured motorist claim the insured may toll any applicable limitation period (1) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, of any claim which the insured may have for underinsured motorist benefits and (2) by commencing suit or demanding arbitration under the terms of the policy not more than one hundred eighty days from the date of exhaustion of the limits of liability under all automobile bodily injury liability bonds or automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals.
CT Page 1357-B
The defendant has argued that if the above statute applies to change the limitation period in the policy from two to three years, then the plaintiffs suit is still barred, because she has not commenced suit within three years of the accident and has not satisfied the conditions of the tolling provision of the statute.
The plaintiff argues that she has satisfied the tolling provisions of § 38a-336 (g) or, in the alternative, a six year contract statute of limitations should replace the two year limitation provision in the policy.
Both parties, apparently rely on the case of Bayusik v. NationwideMutual Ins. Co. 233 Conn. 474, ___ A.2d ___ (1995), as authority for their positions. In that case the plaintiff moved to vacate the award of an arbitration panel which had denied his claim for underinsured motorist benefits on April 29, 1993, claiming that Section three of P.A. 93-77, which took effect on May 20, 1993, restored his right to seek underinsured motorist benefits under the policy. The trial court held that § 3 of P.A. 93-77 rendered the two year contractual limitation period unenforceable. The trial court also ruled that the plaintiff's claim was governed by the limitation period set forth in § 38a-336 (g) and that the plaintiff had satisfied the tolling provisions contained therein. The trial court granted the plaintiffs motion to vacate the award of the arbitration panel and the defendant appealed. The Supreme Court upheld the action of the trial court, but did not agree that the limitation period of § 38a-336 (g) applied. It held, instead, that in actions which fell within the rather narrow scope of § 3 of P.A. 93-77, the six year contract limitation period applied, and as long as the claim or action had been brought within six years from the accident, it was timely filed.
The Court's holding in Bayusik was specifically limited to cases within the narrow scope of § 3 of P.A. 93-77, that is, actions or arbitration claims pending on December 8, 1992 or commenced prior to May 20, 1993, the effective date of P.A. 93-77. The present action does not fall within that narrow scope, as it was not commenced until February 1, 1994. The Court also rejected the argument that the altered limitations of § 2(e) of P.A. 93-77 could retroactively apply:
 Neither the language nor the legislative history of § 2(e) of P.A. 93-77 supports the conclusion that the legislature intended it to have retrospective application. Unlike § 3 of P.A. 93-77, which by its express terms applies retroactively, § 2(e) is devoid of language suggesting that it should likewise be applied to modify the terms of contracts already in existence. Indeed, the clarity with which the legislature manifested its intention that § 3 of P.A. 93-77 be given CT Page 1357-C retrospective application strongly suggests that the legislature would have been explicit had it intended § 2(e) to be similarly applied.
233 Conn. at 484.
The Court in Bayusik further observed that "The retrospective application of § 2(e) of P.A. 93-77 would alter the material terms of existing policies, thereby affecting substantive contractual rights and obligations that already had been settled under the express terms of those policies. See Monteiro v. American Home Assurance Co., 177 Conn. 281,283, 416 A.2d 1189 (1979) (provision in insurance policy requiring that suit be filed within specific time period controls rights and obligations of parties). Although the legislature has the authority, within constitutional limits, to modify existing contractual relationships; see Serrano v. AetnaIns. Co., 233 Conn. 437, 445-46, ___ A.2d ___ (1995); we conclude that the legislature did not intend to achieve such a result under § 2(e) of P.A. 93-77." 233 Conn. At 484.
Based on the foregoing it appears that McGlinchey v. Aetna Casualty Surety Co., 224 Conn. 133, 617 A.2d 445 (1992), and Hotkowski v. Aetna Life Casualty Co., 224 Conn. 145, 617 A.2d 451 (1992) apply to the facts of the present case. Under those cases, the two year policy limitation applies because the policy existed prior to the effective date of P.A. 93-77 and this action does not fall within the scope of § 3 of that Public Act.
The plaintiff argues that her failure to bring this action within the time required under the insurance policy does not bar this action unless Aetna was prejudiced by the late notice. She relies on Aetna Casualty Surety Co. v. Murphy, 206 Conn. 409, 538 A.2d 219 (1988), where the Court held that an insured's late notice of a claim would not discharge the insurer from liability under the insurance contract where the insured
proved that the insurer had not been prejudiced by such delay. Murphy is inapposite here because it applies only to a notice of claim, and not to a policy time limitation for the commencement of suit against the insurer.
In Arpin v. Aetna Casualty Surety Co., No. CV91 0388584 (Jul. 27, 1994, Corradino, J.) 1994 Ct. Sup. 7550, this court explained that a consideration of the insurer's prejudice or lack thereof is irrelevant to the defense of failure to satisfy the policy time limitations period:
 There is in fact a difference between timeliness claims based on whether the defendant company raises a defense that notice of the claim was not given within the time period set forth in the contract or the quite different defense that suit was not brought within the time period set forth in the contract . . .
CT Page 1357-D
 Clearly as to the first type of defense for a variety of equitable reasons and the fact that contracts of adhesion are involved it has been held that I non-occurrence of the condition of timely notice may be excused if the insurer suffered no material prejudice. Aetna Casualty Surety Co. v. Murphy, supra at page 418. The reason for such a holding which seems to be accepted throughout the country is that these notice of claim provisions are put into a contract so that the insurer can make a timely investigation before evidence gets stale and witnesses hard to locate. If the insured can show that in a particular case no such prejudice could have resulted by failure to give the notice it would be unconscionable to literally enforce such a provision. This is so because the purpose of such a provision in an insurance contract is to safeguard an insurer from prejudice in processing a claim — where there is no prejudice the purpose is accomplished and there is no recision to allow the insurer to retain the defense.
 Limitations on time within which a claim may be brought set forth in a policy raise different concerns that are analogous to those raised by statutorily imposed limitations on actions. Judge Zampano put it very well in Zieba v. Middlesex Mutual Assurance Co., 549 F. Sup. 1318, 1321
(1982).
 ". . . limitation periods on suits are designed to promote justice by preventing surprises through revival of stale claims, to protect defendants and courts from handling matters in which the search for truth may be impaired by loss of evidence. To encourage plaintiffs to use reasonable and proper diligence in enforcing their rights and to prevent fraud. . . .
 The presence or absence of prejudice is not, nor should it be a factor in deciding whether an insurer may effectively assert his defense (limitation of action) under the policy."
Even if the insurer's lack of prejudice were relevant to Aetna's limitation defense, the plaintiff has presented no evidence to raise an issue of material fact as to Aetna's lack of prejudice. A party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burns v.Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). Bank v. Roina,38 Conn. App. 240, 243-44, 659 A.2d 1226 (1995).
For the foregoing reasons, the Motion for Summary Judgment is granted in favor of the defendant. CT Page 1357-E
By the court,
Aurigemma, J.