# Henry S. Hotkowski *v.* Aetna Life and Casualty Company
## (14498)

Peters, C. J., Callahan, Borden, Berdon and Norcott, Js.

*(One justice dissenting)*

Argued September 23—decision released December 8, 1992

*Frederick J. Miano,* for the appellant (plaintiff).

*Eugene A. Cooney,* with whom, on the brief, was *Rodd J. Mantell,* for the appellee (defendant).

PETERS, C. J. As in the companion case of *McGlinchey* v. *Aetna Casualty & Surety Co.,* 224 Conn. 133, 617 A.2d 445 (1992), which we have also released today, the principal issue in this appeal is the enforceability of a provision in a contract for uninsured or underinsured motorists coverage that requires the insured to initiate collection proceedings within a two year period from the occurrence of an automobile accident. The plaintiff, Henry Hotkowski (insured), filed an action alleging that he had a right to recover underinsured motorist benefits pursuant to an insurance contract issued by the defendant, Aetna Life and Casualty Company (insurer). In response, the insurer filed a motion for summary judgment on the ground that the insured's claim was time-barred. After the trial court granted the insurer's motion, the insured appealed to the Appellate Court. We transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c), and now affirm.

The following facts are not disputed. On December 23, 1987, the insured, while driving his own vehicle, was injured in a two car accident caused by the negligence of another driver (tortfeasor). In the pursuit of his claim against the tortfeasor, the insured discovered, by a letter dated January 10, 1990, that the tortfeasor's limit of liability insurance was $20,000.

On September 4, 1990, the insured instituted this action against the insurer seeking benefits for damages in excess of the tortfeasor's liability limits[1] pursuant

---

[1] The insured exhausted the limits of the tortfeasor's liability coverage through acceptance of a tendered settlement offer of the full $20,000 available under the tortfeasor's policy.

to the uninsured motorists provisions of his contract.[2] At the time of the accident, the insurance contract provided that "[a]ll claims or suits under Part C. ['Uninsured Motorists Coverage'] must be brought within two years of the date of accident."[3]

The insurer filed a motion for summary judgment, relying on memoranda of law and an affidavit submitted by the insurer. No counter affidavits were filed by the insured. Treating the issues before it as raising solely a question of law, the trial court granted the insurer's motion for summary judgment. The court determined that the insured's suit was time-barred. The court ruled that, whether the insured characterized his demand as a "claim" or a "suit," he had filed his suit too late to comply with the two year time limitation contained in the contract. Furthermore, the court upheld the validity of the time limitation, concluding that it was authorized by General Statutes (Rev. to 1987) § 38-27.[4]

The insured appeals from the judgment in favor of the insurer on three grounds. He maintains that the time limitation clause in the insurance contract does

---

[2] Pursuant to the terms of the insurance contract, the uninsured motorists provisions also apply to underinsured vehicles. See also General Statutes (Rev. to 1987) § 38-175c, recodified as § 38a-336. Because the contract identifies these provisions generally as "uninsured motorists" provisions, we adopt this language throughout our discussion of the insured's claim. Our resolution of the claim, however, applies equally to both uninsured and underinsured motorists coverage disputes involving the same issue here.

[3] The relevant portion of the policy provides: "Part F. General Provisions . . . 2. . . . Legal Action Against Us. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition . . . . [a]ll claims or suits under Part C. must be brought within two years of the date of accident."

[4] General Statutes (Rev. to 1987) § 38-27, now recodified as § 38a-290, provides in part: "No insurance company doing business in this state shall limit the time within which any suit shall be brought against it . . . on . . . the uninsured motorist provisions of a motor vehicle insurance policy to a period less than two years from the date of the accident."

not bar his suit because: (1) a "claim" may be pursued, even after expiration of a contractual time limitation, in the absence of a showing of prejudice to the insurer; (2) the two year period does not commence to run until an insured has had a fair opportunity to discover the underinsured status of the tortfeasor; and (3) the two year period is not authorized by § 38-27, because that statute applies only to uninsured and not to underinsured motorists coverage. We are unpersuaded.

## I

The insured first maintains that his demand for uninsured motorists coverage complied with the conditions of the contract provision that a claim or suit be made "within two years of the date of [the] accident." Specifically, he argues that the term "claim" means, in effect, "notice of claim," and that a late demand for coverage made pursuant to the "notice" provision of an insurance contract does not bar the claim absent a factual showing of prejudice to the insurer. *Aetna Casualty & Surety Co.* v. *Murphy,* 206 Conn. 409, 418, 538 A.2d 219 (1988). The insured concludes that, because the facts before the trial court did not establish such prejudice, the court should not have granted summary judgment.

Even if we were to agree that the contract term "claim" is a synonym for "notice of claim,"[5] we could not sustain the argument of the insured. Although we held, in *Aetna Casualty & Surety Co.* v. *Murphy,* supra, that the failure of an insured to meet a contractual time limitation with respect to a "notice of claim" may be excused if the insurer suffered no material prejudice from the delay, we also held that prejudice to the

[5] The trial court granted summary judgment on the ground that the term "claim" in the insurance contract did not mean "notice of claim." The trial court concluded, therefore, that the demand made by the insured, whether characterized as a claim or suit, was time-barred.

insurer will be presumed. Id., 419–20. We expressly imposed upon the insured the burden of establishing a lack of prejudice to the insurer. Id. In accordance with this allocation of the burden of proof, in *Aetna Casualty & Surety Co.* v. *Murphy,* supra, we affirmed the decision of the trial court granting the insurer's motion for summary judgment because the affidavit submitted by the insured "contained no factual basis for a claim that [the insurer] had not been materially prejudiced by [the insured's] delay." Id., 420–21. In the present case, the insured filed no affidavit in opposition to the insurer's motion for summary judgment. Because the insured has, therefore, failed to sustain his burden of making the requisite factual showing regarding absence of prejudice to the insurer, this contention is not a viable response to the motion for summary judgment.

## II

The insured next maintains that, even if the period during which he could bring a claim was limited to two years, summary judgment was improper because the limitation period in his case must be deemed to have been tolled. The insured contends that General Statutes (Rev. to 1989) § 38-175c, now recodified as § 38a-336, as interpreted in *Continental Ins. Co.* v. *Cebe-Habersky,* 214 Conn. 209, 212–13, 571 A.2d 104 (1990), required him to exhaust his claim against the tortfeasor in advance of his pursuit of a claim against the underinsured motorists insurer. He argues, therefore, that he could not initiate his claim against the insurer until he discovered, more than two years after the accident, that the tortfeasor had only $20,000 liability coverage.

We have today examined and rejected a similar contention in *McGlinchey* v. *Aetna Casualty & Surety Co.,* supra. Although that case involved a two year limitation in an arbitration clause, we conclude that its hold-

ing is equally applicable to a clause imposing a two year limitation on the time for initiating "claims or suits," as is specified in the insurance contract at issue in this case.[6] The insured, therefore, cannot prevail on this argument.

## III

The insured's final argument is that the trial court improperly granted the motion for summary judgment because the time limitation clause in the insurance contract is void as against public policy. The trial court rejected this contention because it held that § 38-27 authorizes an uninsured or underinsured motorist insurance contract to include a time limitation of not less than two years. We came to the same conclusion in *McGlinchey* v. *Aetna Casualty & Surety Co.*, supra.

The insured maintains, however, that § 38-27 does not apply to his insurance contract because the statute permits a two year time limitation only for "uninsured motorist provisions of a motor vehicle insurance policy" without authorizing such a limitation for insurance coverage arising out of injuries sustained by the conduct of underinsured motorists.[7] According to the insured, the legislature would have intended to make such a distinction because an accident victim would more quickly be able to discover that his tortfeasor was uninsured than that he was underinsured. The insurer

---

[6] Enforcement of the two year time limitation does not impose an insuperable burden on an insured, because an action to recover pursuant to the uninsured motorists insurance policy can be timely filed even while claims against the tortfeasor are then being pursued in another forum. *Continental Ins. Co.* v. *Cebe-Habersky*, 214 Conn. 209, 571 A.2d 104 (1990), did not hold that two such lawsuits cannot be initiated simultaneously. Furthermore, the insured in this case has not advanced a claim that, in the exercise of reasonable diligence, he would have been unable earlier to file his action against the insurer and to discover the extent to which he could recover from the tortfeasor.

[7] This issue was not raised in *McGlinchey* v. *Aetna Casualty & Surety Co.*, 224 Conn. 133, 617 A.2d 445 (1992).

counters by noting that its need promptly to ascertain the circumstances of the accident and the extent of the insured's injury is equally urgent whether the tortfeasor is uninsured or underinsured.

We are persuaded that we should not address these arguments of public policy because the term "uninsured motorist" has come to include "underinsured motorist" by legislative fiat. When the legislature enacted Public Acts 1979, No. 79-235, it included underinsured vehicles within the coverage of the uninsured motorists statute, § 38-175c, now recodified as § 38a-336. As a result, the statute now expressly defines "uninsured motorist coverage" to include insurance "for the protection of persons . . . who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles . . . ." In light of this statutory mandate, "statutory provisions relating expressly to uninsured motorist coverage apply also to underinsured motorists." *American Motorists Ins. Co.* v. *Gould,* 213 Conn. 625, 628, 569 A.2d 1105 (1990), overruled in part on other grounds, *Covenant Ins. Co.* v. *Coon,* 220 Conn. 30, 37–38, 594 A.2d 977 (1991); *Beloff* v. *Progressive Casualty Ins. Co.,* 203 Conn. 45, 61, 523 A.2d 477 (1987); see also *Nationwide Ins. Co.* v. *Gode,* 187 Conn. 386, 390–91, 446 A.2d 1059 (1982), overruled in part on other grounds, *Covenant Ins. Co.* v. *Coon,* 220 Conn. 30, 36 n.6, 594 A.2d 977 (1991).[8] This statutory mandate encompasses the two year time limitation validated by § 38-27. If the statute has implications of

---

[8] *Simonette* v. *Great American Ins. Co.,* 165 Conn. 466, 472–73, 338 A.2d 453 (1973), is not to the contrary. Its holding that the uninsured motorists statute, as then drafted, did not mandate underinsured motorists coverage led the legislature to enact Public Acts 1979, No. 79-235 to remedy this omission. *Nationwide Ins. Co.* v. *Gode,* 187 Conn. 386, 390–91, 446 A.2d 1059 (1982), overruled in part on other grounds, *Covenant Ins. Co.* v. *Coon,* 220 Conn. 30, 36 n.6, 594 A.2d 977 (1991).

public policy that the legislature should reject, the insured must make his case to the legislature and not to the courts.

We conclude that the trial court correctly construed and applied the terms of the uninsured motorists coverage in the insurance contract issued by the insurer to the insured. Because of the two year time limitation in that contract, the court correctly granted the insurer's motion for summary judgment.

The judgment is affirmed.

In this opinion CALLAHAN, BORDEN and NORCOTT, Js., concurred.

BERDON, J., dissenting. I disagree. See *McGlinchey* v. *Aetna Casualty & Surety Co.,* 224 Conn. 133, 617 A.2d 445 (1992) (*Berdon, J.,* dissenting).