[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 16, 1989 the plaintiff, Carol Kaminsky, sustained personal injuries as the result of an automobile accident with Vera Christensen. The plaintiff instituted a third-party personal injury action against Christensen (the prior action), on August 30, 1991. On March 11, 1992 the defendant Christensen disclosed a $20,000 policy limitation on liability coverage. On or about May 21, 1992 plaintiff reached an agreement for settlement of the prior action for the payment of the $20,000 policy limit. In July of 1992 the plaintiff notified the defendant Aetna that she had exhausted all liability coverage in the prior action and gave notice of claim for underinsured motorist benefits pursuant to the provisions of the Aetna policy under which she was insured. Aetna allegedly denied coverage based on the policy provision which requires all claims for underinsured motorist benefits to be brought within two years from the date of the accident. As a result of the denial of coverage the instant action was instituted on October 21, 1992. By revised complaint, March 18, 1993, the plaintiff alleges that if the defendant received a late notice of claim for underinsured motorist benefits the defendant has not been prejudiced by such tardy claims. By way of special defense, filed May 26, 1993, the defendant alleges that the present action is time-barred by the provision of plaintiff's insurance policy with defendant which requires that all claims for uninsured motorist benefits be brought within two years of the date of the accident.
By request for production, dated March 18, 1993, the plaintiff requested that the defendant Aetna produce:
A true and complete copy of its entire CT Page 7636 file(s) relating to any claims of Carol Kaminsky arising out of a December 16, 1993 automobile accident, excluding any communications by and between the defendant, Aetna, and its legal counsel occurring on or after the institution of the present lawsuit.
On April 15, 1993, the defendant filed an objection to plaintiff's request asserting that the information requested is irrelevant, not calculated to lead to discoverable material and an unwarranted intrusion upon the defendant's legitimate privacy interest. Secondly, relying on its special defense and Hotkowski v. Aetna Life and Casualty Co., 224 Conn. 145, A.2d (1992), the defendant objects to the plaintiff's request for production on the grounds that the underlying action is time-barred. In defendant's memorandum in support of the objection to plaintiff's request for production, dated July 2, 1993, the defendant also argues that the passage of Public Act 93-77 buttresses its claim that plaintiff's discovery request is irrelevant and intrusive.
Plaintiff argues that, pursuant to Aetna Casualty and Surety Co. v. Murphy, 206 Conn. 409, 538 A.2d 219 (1988), the material sought in the request for production is relevant to show that the defendant is not prejudiced by the receipt of a late notice of claim. Additionally, the plaintiff argues that Hotkowski, although citing approvingly to the holding of Murphy, supra, is not applicable to the present case. Finally, the plaintiff argues that Public Act 93-77 does not render the discovery request irrelevant as plaintiff is still required to address the defendant's special defense and demonstrate that the defendant is not prejudiced by the plaintiff's late notice of claim.
On May 27, 1993 the defendant moved for summary judgment on the basis that the plaintiff's action is time-barred. In support of the motion the defendant submits the original complaint and the sheriff's affidavit together with a memorandum of law. The plaintiff asserts, in its memorandum in opposition to defendant's objection to the request for production of documents, that defense counsel has agreed, on the record, not to pursue the motion for summary judgment until the court has ruled on the instant discovery issue.
Practice Book 218 states in pertinent part: CT Page 7637
 In any civil action . . . where the court finds it reasonably probable that evidence outside the record will be required, a party may obtain . . . discovery of information . . . production and inspection of papers . . . which are not privileged, whether the discovery relates to the claim or defense of the party seeking discovery, or to the claim or defense of another party and which are within the knowledge, possession or power of the party to whom the discovery is addressed. Discovery shall be permitted if the disclosure sought would be of assistance in the prosecution . . . of the action and if it can be provided by the disclosing party . . . with substantially greater facility than it could otherwise be obtained by the party seeking disclosure. It shall not be grounds for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
"The granting or denial of a discovery request rests in the sound discretion of the court." Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 57, 459 A.2d 503 (1983). "That discretion is limited, however, by the provisions of the rules pertaining to discovery . . . especially the mandatory provision that discovery `shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of an action. . . .'" Id., 57-59. The court's discretion applies to whether the information is material, privileged, substantially more available to the disclosing party, or within the disclosing party's knowledge, possession or power as stated in 218. Id., 59-60.
In Aetna Casualty and Surety v. Murphy, supra, which involved an attempt by Aetna to enforce a forfeiture of coverage due to the filing of a late notice of claim, the court reasoned:
 In our judgment, a proper balance between the interests of the insurer and the insured requires a factual inquiry CT Page 7638 into whether, in the circumstance of a particular case, an insured has been prejudiced by its insured's delay in giving notice of an event triggering insurance coverage. If it can be shown that the insurer suffered no material prejudice from the delay, the nonoccurrence of the condition of timely notice may be excused because it is not . . . `a material part of the agreed exchange.' Literal enforcement of notice provisions when there is no prejudice is no more appropriate than literal enforcement of liquidated damages clauses when there are not damages.
(citation omitted. ) Id., 417-418. "The burden of establishing lack of prejudice must be borne by the insured." Id., 419.
In Hotkowski v. Aenta Life and Casualty Co., supra, which involved an action to recover underinsured motorist benefits under an automobile policy issued by the defendant, the court sustained the trial court's granting summary judgment to defendant on the basis of plaintiff's failure to bring a claim within two years of the initial accident with the original tortfeasor. Id., 145-147. The Hotkowski court reasoned:
 Although we held, in Aetna Casualty and Surety Co. v. Murphy, supra, that the failure of an insured to meet a contractual time limitation with respect to a `notice of claim' may be excused if the insurer suffered no material prejudice from the delay, we also held that prejudice to the insurer will be presumed. Id., 419-20. We expressly imposed upon the insured the burden of establishing a lack of prejudice to the insurer. Id. In accordance with this allocation of the burden of proof, in Aetna Casualty and Surety Co. v. Murphy, supra, we affirmed the decision of the trial court granting the insurer's motion for summary judgment because the CT Page 7639 affidavit submitted by the insured `contained no factual basis for a claim that [the insurer] had not been materially prejudiced by [the insured's] delay.' Id., 420-421. In the present case, the insured filed no affidavit in opposition to the insurer's motion for summary judgment. Because the insured has, therefore, failed to sustain his burden of making the requisite factual showing regarding the absence of prejudice to the insured, this contention is not a viable response to the motion for summary judgment.
Id., 148-149.
Based upon the foregoing, this court concludes the documents sought could be of assistance in the prosecution of the action, and therefore the objection to the request for production is overruled.
Howard F. Zoarski, Judge