[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 101
On February 23, 1995, the plaintiff, Sallie Ozay, filed a single count complaint against the defendant, Governmental Employee Ins. Co. (GEICO). The complaint alleges that Ozay and GEICO entered into an insurance contract in which GEICO was obligated to pay underinsurance motorist benefits to Ozay. The complaint further alleges that on March 10, 1993, Ozay had an automobile accident with a car driven by Nadege St. Brice and owned by Alourde St. Brice. Paragraph 13 of the complaint states that "[t]he motor vehicle liability insurance policy providing coverage for Nadege St. Brice and Alourde St. Brice, the persons responsible for the above-mentioned accident, islikely to be exhausted and inadequate to fully compensate the plaintiff. . . ." (emphasis added)
On March 9, 1995, GEICO filed a motion to strike the complaint on the ground that "an insured may not bring an action for uninsured/underinsured motorist benefits until the ;plaintiff's right to recover against the tortfeasor's liability policy has been resolved." GEICO also filed a memorandum of law in support of the motion to strike.
On March 23, 1995, Ozay filed a memorandum in opposition to GEICO's motion to strike. Because this memorandum of law was not filed five days before the short calendar hearing, the filing did not comply with Practice Book § 155. Nevertheless, this court has discretion to consider a late memorandum.Olshefski v. Stenner, 2 Conn. L. Rptr. 477, 478 (September 27, 1990) (Clark J.). On the same day, Ozay also filed an amended complaint pursuant to Practice Book § 175. The amended complaint differs from the original complaint in only one paragraph: the new complaint adds an allegation that the insurance contract has "a clause requiring that all claims or suits under the uninsured motorists and underinsured motorists' coverage of said policy must be brought within two years of the date of the accident." (Paragraph 15.) At oral argument, GEICO did not contest this allegation. "Thus, this motion to strike may be considered with respect to plaintiff's amended complaint." (Emphasis in original.) Cummings v. Ray,
CT Page 947911 Conn. L. Rptr. 530, 531 (May 23, 1994) (Mulcahy, J.)
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citation omitted; internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,215, 618 A.2d 25 (1992). "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985).
In its memorandum of law, GEICO argues that its obligation to pay benefits is triggered only after the insured exhausts the limits of the tortfeasor's policies. GEICO cites General Statutes § 38a-336(b) for this proposition. Relying on Cummings v. Ray, supra, 11 Conn. L. Rptr. 530, GEICO contends that paragraph 13 of the complaint does not satisfy the exhaustion requirement.
In her memorandum of law in opposition, Ozay argues that an insured should not have to exhaust the available benefits from the tortfeasor before suing his or her insurance company for underinsured motorist benefits. Ozay argues thatHetkowski v. Aetna Life Casualty Co., 224 Conn. 145,617 A.2d 457 (1992) permits a suit to be instituted before the tortfeasor's benefits are exhausted. Ozay also argues that as policy, an insurance company, which writes an underinsured motorist contract, should not be allowed to limit the time in which a claim can be brought and also require exhaustion. Ozay contends that if an insurance company could limit actions in this way, then an insured might miss an opportunity to collect benefits because the insured might recover benefits from the tortfeasor only after the two year limit on suits has passed.
The issue is resolved by the recent June 13, 1995 Supreme Court holding in Serrano v. Aetna Insurance Company, 233 Conn. 437,455. "Although we made it clear in McGlinchey and CT Page 9480Hotkowski that an insured may properly commence an action for underinsured motorist benefits prior to exhausting the liability limits of the tortfeasor's policy. . . ."
The defendant's Motion to Strike is denied.