[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Preferred Mutual Insurance Company ("Preferred") has moved to strike the third count of the plaintiff's amended complaint on three grounds. The plaintiff does not object to the second and third grounds set forth in the motion to strike and the motion is accordingly granted with respect to those two grounds.
In the first ground of its motion to strike, Preferred contends that the third count of the plaintiff's amended complaint, which sets forth a claim for underinsured motorist benefits, is legally insufficient in that it fails to allege exhaustion of the limits of the tortfeasor's liability insurance policy. The plaintiff denies the claimed insufficiency.
General Statutes § 38a-336(b) provides in relevant part:
 An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured and underinsured motorist coverage, exceed CT Page 4213-VV the limits of the insured's uninsured and underinsured motorist coverage.
(Emphasis added.) This statute provides that the uninsured/underinsured carrier is not obligated to make payment until all liability policies have been exhausted.
The statute does not address, however, the issue of whether suit can be brought prior to exhaustion. The Supreme Court addressed this issue in two rulings issued in 1992, McGlincheyv. Aetna Casualty and Surety Company, 224 Conn. 133 (1992), andHotkowski v. Aetna Life and Casualty Company, 224 Conn. 145
(1992). In footnotes found in both cases, the Supreme Court stated that an action or an arbitration proceeding pursuant to the uninsured/underinsured provisions of an insurance policy can be brought prior to the exhaustion of the tortfeasor's policy.McGlinchey v. Aetna Casualty Surety Co., supra, 224 Conn. 141, n. 7; Hotkowski v. Aetna Life Casualty Company, supra,224 Conn. 150, n. 6.
The Supreme Court strongly reaffirmed the statements made in McGlinchey and Hotkowski in two rulings issued in June, 1995.
 [W]e made it clear in McGlinchey and Hotkowski that an insured may properly commence an action for underinsured motorist benefits prior to exhausting the liability limits of the tortfeasor's policy. . .
Serrano v. Aetna Insurance Co., 233 Conn. 437, 455 (1995). In a footnote in an opinion issued the same day as Serrano, the Supreme Court reiterated the same point:
 Under General Statutes § 38a-336(b) . . . an insured may recover uninsured or underinsured motorist benefits only after exhausting the liability limits of the tortfeasor's policy . . . however, an insured may commence an action for underinsured motorist benefits prior to exhausting the liability limits of the tortfeasor's policy.
Stevens v. Aetna Life Casualty Co., 233 Conn. 460, 470, n. 14 (1995). Cummings v. Ray, 11 Conn. L. Rptr. No. 17, 530 (July 4, 1994), cited by Preferred in support of its motion to strike, was decided prior to the decisions in Serrano and Stevens, which make abundantly clear the position of the Supreme Court that CT Page 4213-WW actual exhaustion of the limits of the tortfeasor's coverage is not required prior to initiating a claim under the uninsured/underinsured provisions of the plaintiff's own insurance policy.
Given these clear, recent and repeated statements by our Supreme Court, the court denies Preferred's motion to strike and finds that the third count of the plaintiff's complaint is not insufficient for failing to allege exhaustion of the limits of the tortfeasor's liability coverage.
VERTEFEUILLE, J.