[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Giuliano Minasi, brings this action against the defendant, Aetna Casualty Surety Co. (Aetna), based on allegations that Aetna breached its contract to defend its insured, Theodore Kemp, with respect to a cross claim filed by Minasi against Kemp in an action that was previously litigated in the judicial district of Stamford/Norwalk (the underlying action). Minasi seeks indemnification in the amount of $40,000.00 pursuant to General Statutes § 38a-321.[1]
In the underlying action, the plaintiffs, Domenick and Joy Manfredi (hereinafter "Manfredis"), filed a complaint which named as defendants Quality Home Remodeling, Giuliano Minasi and Theodore Kemp (hereinafter "QHR"). See Manfredi v. Quality HomeRemodeling, Superior Court, judicial district of Stamford/Norwalk, Docket No. 97759. (Plaintiff's exhibit C.) The Manfredis alleged that they entered into a contract with QHR whereby QHR agreed to construct an addition onto the Manfredis' home and perform other related remodeling work. (Id.) The work was allegedly performed by QHR in May, 1988. The Manfredis alleged, inter alia, that QHR breached the contract by failing to complete some of the work and by performing some of the completed work in a defective and unworkmanlike manner. (Id.)
Minasi then filed a cross claim, dated January 9, 1991, in which he sought common law indemnification from Kemp. (Plaintiff's exhibit B.) In support of his cross claim, Minasi alleged that if the Manfredis were damaged as alleged in their complaint, "then said damages were proximately caused by the negligence and carelessness of Theodore Kemp. . . ." (Id.) Kemp failed to appear at the trial and at the subsequent hearing on the cross claim. (Defendant's exhibit 8, p. 1.) The Manfredis' claim was settled on behalf of Quality Home Remodeling and Minasi by CT Page 5163-B payment to the Manfredis in the amount of $40,000.00. (Id.; see also defendant's exhibit 7.) On August 13, 1992, judgment in the amount of $40,000.00 was rendered in favor of Quality Home Remodeling and Minasi on their cross claim against Kemp. (Defendant's exhibit 8, p. 1.) Minasi now seeks to recover the judgment from Aetna, Kemp's insurer, on the ground that Aetna's policy provided coverage for the claims set forth in the cross claim.
In its answer to Minasi's complaint in the instant action, Aetna admits that it provided liability insurance to Kemp from May 1988 through October 1988. Aetna also admits that it refused to defend Kemp and pay the judgment which entered against Kemp on August 13, 1992. Aetna claims that it did not breach its insurance contract because Kemp failed to provide Aetna with prompt notice of the claim against him, and because the policy does not provide coverage for Minasi's claim against Kemp.
In support of his claim for indemnification, Minasi argues that Aetna breached its contract of insurance with Kemp by failing to defend Kemp with regard to the cross claim filed by Minasi. In response, Aetna argues that any insurance coverage provided to Kemp under his policy was void due to Kemp's failure to give timely notice to Aetna of the suit brought against him. Aetna further argues that Minasi, in bringing this action pursuant to General Statutes § 38a-321, also failed to provide Aetna with timely notice, and that Aetna was prejudiced by this failure to receive timely notice.
"A party subrogated to the rights of an assured under [§ 38a-321] obtains no different or greater rights against the insurer than the insured possesses and is equally subject to any defense the insurer may have against the assured under the policy. . . . Consequently, in order for one to proceed under [§ 38a-321], the insured must have had a viable statutory or contractual claim against the insurer; . . . and where the insurer has raised the special defense that the insured materially breached the provisions of the contract of insurance, the judgment creditor suing under [§ 38a-321] bears the burden of proving that the insured complied with his or her obligations contained therein. . . ." (Citations omitted.) Brown v. Employer'sReinsurance Corporation, 206 Conn. 668, 673, 539 A.2d 138 (1988).
While an insured's untimely filing of notice of a claim with the insurer may constitute a failure to comply with a condition CT Page 5163-C under the insurance contract, such a failure does not automatically discharge the insurer from liability on its insurance contract. "[T]he failure of an insured to meet a contractual time limitation with respect to a `notice of claim' may be excused if the insurer suffered no material prejudice from the delay. . . ." Hotkowski v. Aetna Life Casualty Co.,224 Conn. 145, 148, 617 A.2d 451 (1992). "[A] proper balance between the interests of the insurer and the insured requires a factual inquiry into whether, in the circumstances of a particular case, an insurer has been prejudiced by its insured's delay in giving notice of an event triggering insurance coverage. If it can be shown that the insurer suffered no material prejudice from the delay, the nonoccurrence of the condition of timely notice may be excused. . . ." Aetna Casualty Surety Co. v. Murphy, 206 Conn. 409,417-18, 538 A.2d 219 (1988). "[T]he burden of establishing lack of prejudice must be borne by the insured. It is the insured who is seeking to be excused from the consequences of a contract provision with which he has concededly failed to comply." Id., 419-20.
The testimony of Aetna's claims adjuster established that notice was given to Aetna on March 26, 1992, by Minasi's insurer, the Great American Insurance Company. He further testified that Kemp never filed a claim with Aetna or forwarded to Aetna copies of the legal papers which were served upon him in the Manfredi
case, or otherwise requested that Aetna provide him with coverage or a defense under the policy. Aetna has also provided evidence that it was prejudiced by the late notice. The three and one-half year period between the time that the Manfredis commenced their action against Kemp (November 1988) and the time that Aetna received notice of the claim against Kemp (March 26, 1992) deprived Aetna of the opportunity to inspect and evaluate the allegedly defective construction work which was the basis of the Manfredis' claims against Kemp and Minasi, and the basis of Minasi's claims against Kemp and Aetna.[2] Aetna was also prejudiced by the fact that Kemp conducted his own defense, and in so doing, failed to appear at the trial of the Manfredi case and the hearing on Minasi's cross claim.
The evidence establishes that Kemp, the insured, and Minasi, in seeking indemnification pursuant to § 38a-321, both failed to provide Aetna with timely notice. It is also clear that Aetna was prejudiced by the lack of timely notice, and that Minasi has failed to rebut the evidence of prejudice that was presented by Aetna. Therefore, the court finds that Aetna's duties to defend CT Page 5163-D and indemnify under the insurance contract were discharged due to the conduct of its insured (Kemp). Moreover, because the terms of the policy were breached by Kemp, as opposed to Aetna, Minasi's claim against Aetna, brought pursuant to General Statutes § 38a-321, must fail. Accordingly, judgment shall enter in favor of Aetna.
JOHN W. MORAN, JUDGE