[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Carole Taylor instituted this action against William Woltmann and Hartford Fire Insurance Company (Hartford), for injuries she sustained as a result of a car accident with Woltmann. Hartford is Taylor's carrier, and in the second count of her complaint, she seeks underinsurance benefits from Hartford as a result of her accident with Woltmann.
Hartford has filed a motion to strike the second count of the complaint on the ground that the limits of any insurance policy carried by Woltmann have not yet been exhausted. It argues that exhaustion of the tortfeasor's policy is a prerequisite to a suit against an insurance carrier for underinsurance benefits. Taylor has not filed any opposition to the motion to strike.
The purpose of a motion to strike is "to test the legal sufficiency of a pleading." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384. In this case, Hartford alleges that Taylor's claim for underinsurance benefits, pursuant to her policy with Hartford, is legally insufficient since the tortfeasor's policy has not yet been exhausted. It claims that exhaustion is required pursuant to Sec. 38a-336 (b) of the General Statutes.
Section 38a-336 (b) provides in relevant part: "An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injuryliability bonds or insurance policies applicable at the time ofthe accident have been exhausted by the payment of judgments or settlements . . . ." (Emphasis added.) While it is true that an insurance provider is not obligated to make payments to its insured until all applicable policies have been exhausted;Ciarelli v. Commercial Union Ins. Cos., 234 Conn. 807, 810; Sec.38a-336 (b); the Supreme Court has recently reaffirmed its position that Sec. 38a-336 (b) does not prevent an insured from CT Page 7337 filing an action against its insurance carrier prior to exhaustion of the tortfeasor's policy. Serrano v. Aetna InsuranceCo., 233 Conn. 437, 455 ("[W]e made it clear in McGlinchey [v.Aetna Casualty Surety Co., 224 Conn. 133, 617 A.2d 445 (1992)] and Hotkowski [v. Aetna Life Casualty Co., 224 Conn. 145,617 A.2d 451 (1992)] that an insured may properly commence an action for underinsured motorist benefits prior to exhausting the liability limits of the tortfeasor's policy."); Stevens v. AetnaLife Casualty Co., 233 Conn. 460, 470 n. 14, 659 A.2d 707 (1995) ("Under General Statutes § 38a-336 (b) . . . an insured may recover uninsured or underinsured motorist benefits only after exhausting the liability limits of the tortfeasor's policy. . . . [H]owever, an insured may commence an action for underinsured motorist benefits prior to exhausting the liability limits of the tortfeasor's policy.). (Citations omitted.) See also Berger v.Lucker, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 124176 (May 9, 1996, Vertefeuille, J.) (discussing Serrano and Stevens). Cummings v. Ray AmericanManufacturers Mutual Ins. Co., 11 Conn. L. Rptr. 530 (July 4, 1994, Mulcahy, J.), cited by Hartford, is inconsistent with the Supreme Court's position on this issue and therefore is inapposite.
Accordingly, Hartford's motion to strike the second count of the complaint is denied.
Moraghan, J.