[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re: Defendants' Motion to Sever
The plaintiff, Emily Kocsis, filed a two count third amended complaint against the defendants, Jeffrey Kocsis, Stephen Gerencser and The Travelers Indemnity Company (Travelers). Count one alleges that while the plaintiff was situated on the trunk of a vehicle owned by Jeffrey Kocsis, Gerencser, as the implied agent and or servant of Jeffrey Kocsis, negligently drove the vehicle at an excessive rate of speed at which time the plaintiff fell from the vehicle and suffered serious injuries. Count two alleges that Gerencser, without the consent or permission of Jeffrey Kocsis, negligently drove the vehicle and caused the injuries. Count two further alleges that Gerencser had a personal liability insurance policy in effect at the time of the accident which is inadequate to provide just compensation, and that Travelers, which provided underinsured motorist coverage to her, is required to pay for that portion of her damages not covered by Gerencser's insurance.
Gerencser has denied the plaintiff's allegations relating to negligence and has asserted a special defense of contributory negligence. The plaintiff has denied the assertions in the special defense. The other defendants have denied that Jeffrey Kocsis was negligent, admitted that Travelers provided uninsured/underinsured motorist (UI/UIM) coverage to Jeffrey Kocsis, and left the plaintiff to her proof regarding whether she was an insured under that policy. They have also asserted six special defenses alleging contributory negligence the plaintiff's alleged intoxication, a policy exclusion for family members injured while occupying or struck by an underinsured motor vehicle owned by the insured, a reduction of UI/UIM benefits awarded based on basic reparations paid to Emily Kocsis, a reduction of UI/UIM benefits awarded based on any amount awarded to Emily Kocsis as compensation for her damages and a policy limitation on damages of $100,000 less any applicable setoffs or CT Page 4836 reductions allowed by the policy. The plaintiff has filed a reply denying the allegations contained in these special defenses.
Jeffrey Kocsis and Travelers now move to sever the counts of the third revised complaint. They contend that: (1) they will be prejudiced by a consolidated trial on the merits because the issue of liability insurance will be injected into the case and (2) allowing the counts to be tried in a consolidated trial would be contrary to the statutory requirement that a UI/UIM claim be brought only after the third-party tortfeasor's insurance policy is exhausted. The plaintiff objects to the requested severance, arguing that she is entitled to try her claims in one trial, and that she should not be forced to go before two separate juries to decide the same factual issues.
"[I]f several causes of action are united in the same complaint, they shall all be brought to recover . . . upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action. . . . [I]n any case in which several causes of action are joined in the same complaint . . ., if it appears to the court that they cannot all be conveniently heard together the court may order a separate trial of any such cause of action. . . ." Practice Book § 133. "Although the Practice Book does not specifically refer to a motion to sever, such motion might be used to address causes of action which cannot all be conveniently heard together." (Citation omitted; quotation marks omitted.) Danos v. Aetna Casualty Insurance Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 387903 (February 3, 1993, Dunn, J.). "The court may, upon motion, for good cause shown, order a separate trial between any parties." Practice Book § 284.
It is within the sound discretion of the court to sever or consolidate the issues in a trial. Rode v. Adley Express Co.Inc., 130 Conn. 274, 277, 33 A.2d 329 (1943). Generally, parties should be able to settle all their controversies in a single action, and all related controversies should be litigated together. Veits v. Hartford, 134 Conn. 428, 435-36, 58 A.2d 389
(1948). "The public's interest in avoiding unnecessary litigation and conserving scarce judicial resources is too powerful to ignore." Nielsen v. Nielsen, 3 Conn. App. 679, 684, 491, A.2d 1112 (1985). Practice Book § 283, however, provides in pertinent part: "In all cases, whether entered upon the docket as jury cases or court cases, the court may order that one or more of the CT Page 4837 issues joined be tried before the others. . . ."
"Generally, in negligence actions, evidence that the defendant carries liability insurance is inadmissible. . . . This rule, however, is not without exception." Magnon v. Glickman,185 Conn. 234, 242, 440 A.2d 909 (1981). In Magnon, the Supreme Court noted an exception to this general rule and found no abuse of discretion on the part of the trial court in allowing testimony demonstrating that the defendant had liability insurance in order for the plaintiff to show witness interest or bias. Id. The court noted that the defendants opened the door for the plaintiff to pursue the issue and that the court instructed the jury, immediately after the testimony and during the jury charge, that the existence of liability insurance is irrelevant to the issue of negligence. Id., 243. In Alpha Crane Services, Inc. v. CapitalCrane Co., 6 Conn. App. 60, 504 A.2d 1376 (1986), cert. denied,199 Conn. 808, 508 A.2d 769 (1986), the Appellate Court affirmed the trial court's decision to allow evidence of liability insurance to enter the case. The court found that the evidence was admissible and relevant to the issue of indemnity raised in cross claim. Id., 69. The court further stated that it would be unreasonable to sever a complex trial where the issue of insurance liability was a side issue. Id.
In the present case, count one sounds in negligence and count two sounds in contract insofar as a claim for UI/UIM benefits gives rise to a claim for contract benefits. Smith v. Safeco Ins.Co. of America, 225 Conn. 566, 570, 624 A.2d 892 (1993). The resolution of the first count, as well as of many of the allegations of the second count, will turn on the ownership of the vehicle, whether Gerencser had Jeffrey Kocsis' permission to drive the vehicle, whether Gerencser was negligent and whether Emily Kocsis was contributorily negligent due to impairment due to alcohol consumption or in any other respect. Resolution of the second count will also involve issues concerning the existence, extent and adequacy of Gerenoser's insurance, whether Emily Kocsis is an insured as defined by the insurance policy and whether Emily Kocsis can collect the full amount of UI/UIM benefits under policy. In trying the second count, the issue of insurance liability coverage would be relevant and admissible. See Gigliotti v. United Illuminating Co., 151 Conn. 114, 122,193 A.2d 718 (1963) ("the fact that the contract contained references to insurance could not operate to exclude those portions if they were otherwise admissible and of probative value."). CT Page 4838
Balancing all these factors, the court concludes that the motion to sever should be denied. In doing so, however, it does not rule out the possibility of the trial court's bifurcating the trial, trying the issues of negligence, contributory negligence, ownership and control the vehicle and agency first, thereby resolving the common issues and facts that pertain to both counts without the issue of liability insurance entering the case. If the jury were to find for the plaintiff, a second phase of such a trial would address the terms of the policy and whether Travelers is liable for that portion of the plaintiff's damages not covered by Gerenoser's insurance. Such a resolution would allow the plaintiff to resolve all of her claims in one trial while protecting Travelers from the prejudice it fears. This court does not order such a procedure at this time, but it wishes to make clear that by denying severance, it does not intend to preclude any party from requesting such a procedure at the time of trial.
The defendants Jeffrey Kocsis and Travelers had also moved to sever on the ground that before the plaintiff can proceed against her father's UI/UIM coverage, she must exhaust the tortfeasor's insurance policy. In support, they cite Ciarelli v. CommercialUnion Ins. Cos., 234 Conn. 807, 814, 663 A.2d 377 (1995), which stands for the proposition that a plaintiff must exhaust both the owner's and the operator's insurance policies before the plaintiff will be entitled to benefits pursuant to his own UI/UIM coverage. The Supreme Court, however, has emphasized that a plaintiff may commence an action pursuant to the UI/UIM provisions of an insurance policy prior to the exhaustion of the tortfeasor's policy. McGlinchey v. Aetna Casualty Surety Co.,224 Conn. 133, 141 n. 7, 617 A.2d 445 (1992); Hotkowski v. AetnaLife Casualty Co., 224 Conn. 145, 150 n. 6, 617 A.2d 451 (1992). In Serrano v. Aetna Ins. Co., 233 Conn. 437, 455, 664 A.2d 279
(1995), the Supreme Court reaffirmed its position on this issue. "[W]e made it clear in McGlinchey and Hotkowski that an insured may properly commence an action for underinsured motorist benefits prior to exhausting the liability limits of the tortfeasor's policy. . . ." In another opinion, issued on the same day as Serrano, the Supreme Court reiterated its position: "Under General Statutes § 38a-336 (b) . . . an insured may recover uninsured or underinsured motorist benefits only after exhausting the liability limits of the tortfeasor's policy . . . however, an insured may commence an action for underinsured motorist benefits prior to exhausting the liability limits of the tortfeasor's policy." (Citations omitted.) Stevens v. Aetna Life Casualty Co., 233 Conn. 460, 470 n. 14, 659 A.2d 707 (1995). To CT Page 4839 the extent that the defendants argue that the counts must be severed based on Ciarelli, their reliance is misplaced.
For all of the above reasons, the motion to sever is denied, without prejudice to the right of the defendants to seek to have the trial court bifurcate the trial as outlined above.
Silbert, J.