[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION TO COMPEL ARBITRATION
The sole issue before the court is the construction of a paragraph in a contract of insurance that the plaintiff interprets as compelling the arbitration of this dispute[1]. The defendants claim that the plain language of the paragraph does not compel arbitration in this situation.
The plaintiff is the executor of the estate of Jane Flynn, who was killed in a motor vehicle accident. The driver of the other car involved in the accident, the alleged tortfeasor, has a $100,000 insurance policy which the plaintiff claims is inadequate to cover the damages to the plaintiff.
The defendants insured the vehicle that it is alleged Ms. Flynn was occupying at the time of the accident, thus making her an insured under the policy. The policy in this case provides for arbitration, through the following language:
CT Page 6439 If we and an "Insured" disagree whether the "Insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle," or do not agree as to the amount of damages, the "Insured" may make a written demand for arbitration.
The defendant argues that the policy provides for arbitration of only "uninsured" claims, not "underinsured" claims such as the one advanced by the plaintiff. The plaintiff responds that the legislature has abolished the distinctions between uninsured and underinsured coverage for all practical purposes in Conn. Gen. Stat. § 38a-336.
The legislature amended the statutes governing liability insurance to provide for consistency in the provision of coverage between uninsured and underinsured claims in insurance policies. Conn. Gen. Stat. § 38a-336(a) and (b). Nothing in the statute speaks directly to the dispute resolution mechanism for either.
In Hotkowski v. Aetna Life Casualty Co., 224 Conn. 145
(1992), the Supreme Court held that the effect of Conn. Gen. Stat. § 38a-336 was nonetheless to make the mandates of the statute addressed to uninsured coverage coextensive with those of underinsured coverage. In Hotkowski, this included the construction of contractual time limitations within which to bring the claim, whether the tortfeasor was uninsured or underinsured. There as here, the argument was made that sound policy reasons existed for treating an underinsured claim differently from an uninsured claim. But the court rejected that argument and held that the term "uninsured motorist" has come to include "underinsured motorist" by legislative fiat. Id., 151.
The logic of the holding in Hotkowski applies with equal force to the issue of the dispute resolution mechanism as to the time limitation. Once a choice is made that arbitration shall apply to claim for uninsured motorist benefits, the same provision must apply to a claim of underinsured motorist benefits.
Nor does the language of the arbitration clause prohibit such an interpretation. The clause provides that the insured may elect arbitration in two instances. The first is if the dispute is over whether it is the insured claimant or the driver of the uninsured vehicle who is legally responsible for the injuries. The second is if the dispute is over the amount of damages the insured is CT Page 6440 claiming from the defendant under the policy. The dispute in this case certainly involves the amount of damages claimed by the insured. The arbitration clause does not limit this latter kind of dispute only to claims arising from accidents involving uninsured, as opposed to underinsured, motorists. To the extent the contract is ambiguous, so that one might consider the "dispute . . . as to the amount of damages" language to fairly mean either, the language must be construed against the drafter, here the defendant, see Streitweiser v. Middlesex MutualAssurance Co., 219 Conn. 371, 375 (1991), 50 that the plaintiff is entitled to elect arbitration.
The defendant's assertion that the policy provides for arbitration only if the accident involves a claim for uninsured motorist benefits is without merit. The application to compel arbitration is granted. The parties shall notify the court within fifteen days of their selection of arbitrators or notify the court of their inability to select arbitrators so that the court can make the appointment.
Patty Jenkins Pittman, J.