HARTFORD INSURANCE COMPANY *v.* COLONIA
INSURANCE COMPANY
(AC 18752)

Lavery, Landau and Dupont, Js.[1]

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued January 11—officially released May 30, 2000

*Stuart G. Blackburn*, for the appellant (plaintiff).

*Michael S. Taylor*, with whom were *Mark R. Cramer* and, on the brief, *Daniel P. Scapellati*, for the appellee (defendant).

*Opinion*

LANDAU, J. The plaintiff, the Hartford Insurance Company, appeals from the judgment of the trial court rendered in favor of the defendant, the Colonia Insurance Company. The plaintiff brought the present action pursuant to General Statutes § 38a-321[2] to recover for

---

[2] General Statutes § 38a-321 provides in relevant part: "Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer

damage caused by the defendant's insured, Paul Swatsell, to a building insured by the plaintiff. On appeal, the plaintiff claims that the court improperly assessed the burden of proof required to show lack of prejudice where the defendant's insured failed to give the defendant timely notification of the claim against him. The plaintiff further claims that the court improperly determined that the plaintiff had not met its burden.

The following facts are relevant to the resolution of this appeal. Bayview Health Care, Inc. (Bayview), operated a health care facility in a building owned by J.A.G. Realty Partnership (partnership). Both Bayview and the partnership were insured by the plaintiff. Swatsell entered into a contract with Bayview and began work to repair the roof of the building. Swatsell and his roofing contracting business were insured by the defendant under a policy of general liability insurance when he abandoned work on the roof, leaving it susceptible to damage from the elements. On November 28, 1993, a storm damaged the roof and water entered the building, causing interior damage as well.

Bayview and the partnership brought an action to recover damages from Swatsell. Despite notification of the action, Swatsell did not respond to the allegations and failed to appear. Accordingly, a judgment of default was entered against him in March, 1996, and damages were assessed in the amount of $264,141.29 plus reasonable costs. At no time did Swatsell notify the defendant of the action brought against him as required under his insurance policy.[3] In the present action, the defendant

to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment."

[3] Mark W. Dietz, the attorney who represented Bayview and the partnership in the action against Swatsell, became aware of the defendant's insurance policy in May, 1996, several months after the judgment had entered. Dietz's subsequent letter to the defendant demanding reimbursement was the first notice that the defendant received of the underlying action.

claimed by way of special defenses that Swatsell's failure to notify discharged the defendant from liability.

The court concluded that the defendant's special defense of failure to notify did not discharge liability, but rather placed the burden on the plaintiff to prove that the defendant was not prejudiced by the late notification. The court found that the defendant was deprived of its ability to conduct its own investigation into the matter because of the failure to notify and that the plaintiff had, therefore, "failed to meet its burden of proof on the issue of lack of prejudice to the defendant." Judgment was rendered in favor of the defendant, and this appeal followed.

The plaintiff claims that the court improperly assessed the burden of proof required for the plaintiff to show that the defendant was not prejudiced by the failure of Swatsell to give timely notification of the claim against him. The plaintiff also claims that the court improperly concluded that the plaintiff had not met its burden of proof. We disagree.

The resolution of this claim is governed by *Aetna Casualty & Surety Co.* v. *Murphy*, 206 Conn. 409, 538 A.2d 219 (1988). In that case, the plaintiff insurer sought to recover for damages caused by the defendant to a building insured by the plaintiff. Id., 410. The defendant's insurance company, which had been impleaded as a third party defendant, successfully moved for summary judgment on the ground that the defendant had failed to notify it of the claim in a timely manner as required in the insurance contract. Id.

On appeal, the defendant claimed that he should have been allowed to recover from his insurance company despite the late notification because the insurance company had not been prejudiced by the delay. Id., 411. The court held that in the absence of material prejudice, an insurer's duty to provide coverage is not discharged

by the failure of its insured to give timely notice of the claim. Id., 418. The court further held that "the burden of establishing lack of prejudice must be borne by the insured . . . [because it] is the insured who is seeking to be excused from the consequences of a contract provision with which he has concededly failed to comply." Id., 419–20.

In this case, the court concluded that the plaintiff had established its right of action under § 38a-321 because it had obtained a judgment against Swatsell, who was insured by the defendant when the claim arose. Having so concluded, the court then turned to the defendant's special defense of failure to notify. Following the reasoning of *Aetna Casualty & Surety Co.*, the court undertook to determine whether the defendant had been materially prejudiced by the failure of Swatsell to notify it of the claim. The court concluded that the plaintiff had not sustained its burden of proving lack of material prejudice and that the defendant was prejudiced by the failure to notify.[4]

"[O]ur function [on appeal] is not to examine the record to see if the trier of fact could have reached a contrary conclusion. . . . Rather, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. . . . This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the

---

[4] Prejudice to the insurer is presumed where the insured fails to meet a contractual time limitation with respect to notice of claim. *Hotkowski* v. *Aetna Life & Casualty Co.*, 224 Conn. 145, 148–49, 617 A.2d 451 (1992).

pleadings in the whole record, those facts are clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Twachtman* v. *Hastings*, 52 Conn. App. 661, 668, 727 A.2d 791, cert. denied, 249 Conn. 930, 733 A.2d 851 (1999).

Our Supreme Court has held that "a proper balance between the interests of the insurer and the insured requires a factual inquiry into whether, in the circumstances of a particular case, an insurer has been prejudiced by its insured's delay in giving notice of an event triggering insurance coverage." *Aetna Casualty & Surety Co.* v. *Murphy*, supra, 206 Conn. 417–18. In this case, the plaintiff asks that we review the court's conclusion to determine whether it legally and logically follows from the subordinate facts, and the defendant asserts that the correct standard to apply is whether the court's determination was clearly erroneous. Even if we were to agree with the plaintiff, the facts in this case are that the defendant's insured gave absolutely no notification of the claim against him to his insurer, the defendant. The defendant did not learn of the judgment against Swatsell until several months after it was rendered. The court found that this complete failure to notify deprived the defendant of its opportunity to investigate the possibility that the damage was caused by the negligence of another roofer who followed Swatsell on the job. Our Supreme Court has stated that the opportunity to investigate serves a further purpose, that is, " 'if the insurer is thus given the opportunity for a timely investigation, reasonable compromises and settlements may be made, thereby avoiding prolonged and unnecessary litigation.' " Id., 417, quoting 8 J. Appleman & J. Appleman, Insurance Law and Practice (Rev. Ed. 1981) § 4731, p. 5. The defendant was, therefore, additionally prejudiced by being deprived of the opportunity to pursue a compromise or settlement. We conclude that the court's determination that the plaintiff

failed to prove lack of prejudice could legally and logically have been drawn from the subordinate facts. Thus, we cannot say that the decision of the court was clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.