[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue before the court is whether the term "uninsured motor vehicle," as specified in the arbitration clause of an automobile insurance policy, provides for the arbitration of disputes involving underinsured motorist claims.
 FACTS
The plaintiff, Herbert G. Stankus, filed this action on October 20, 1998 against the defendant, Anthem Casualty Insurance Group, in order to recover underinsured motorist benefits pursuant to § 38a-336. In his complaint, the plaintiff alleges that on April 26, 1996, an automobile owned by Carmen Vazquez and operated by Saul Hernandez, collided with the plaintiff's vehicle causing him to suffer injuries. As a result of the collision, the plaintiff recovered $20,000, the limit of Vazquez's automobile liability insurance. At the time of the collision, the vehicle operated by the plaintiff was owned by Connecticut Awning and Canvas, Inc. and insured by the defendant.
On November 22, 2000, the plaintiff filed a motion to compel arbitration arguing that pursuant to the provisions of the insurance policy he is entitled to arbitration of his claim by the defendant because the amount of damages are in dispute. The defendant filed an objection to the plaintiff's motion to compel arbitration arguing that the arbitration clause of the insurance policy only provides for the arbitration of uninsured motorist benefits, not underinsured motorist benefits.
 DISCUSSION
Our courts generally recognize arbitration "as an effective alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation." (Internal quotation marks omitted.) Fink v. Golenbock, 238 Conn. 183, 194, 680 A.2d 1243 (1996). CT Page 3134 Pursuant to General Statutes § 52-408, "only written agreements to arbitrate are valid." Bennett v. Meader, 208 Conn. 352, 359, 545 A.2d 553
(1988). "[T]he obligations and rights of the parties are described and limited by their written agreement. The answer to the question whether or not the court shall direct a party to proceed with arbitration is embodied in the insurance contract." (Internal quotation marks omitted.)Security Ins. Co. of Hartford v. DeLaurentis, 202 Conn. 178, 182,520 A.2d 202 (1987). "Parties who have contracted to arbitrate certain matters have no obligation to arbitrate any matters other than those which they have agreed to arbitrate." Id. "Whether a particular dispute is arbitrable is a question for the court, unless, by appropriate language, the parties have agreed to arbitrate that question, also." (Internal quotation marks omitted.) Id., 183.
The arbitration clause contained in the insurance policy issued by the defendant provides, in relevant part, that "[i]f we and an insured disagree whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle, or do not agree as to the amount of damages, the insured may make a written demand for arbitration." (Motion to Compel Arbitration; Exhibit A.) In its objection to the plaintiff's motion to compel arbitration, the defendant argues that the arbitration clause is applicable only to those situations in which the insured is injured by an uninsured motor vehicle. Conversely, the plaintiff argues in his opposition that the term "uninsured motorist" includes underinsured motorists and, therefore, he should be entitled to the arbitration of his claim pursuant to the provisions set forth in the insurance policy.
Our Supreme Court has recognized that under § 38a-336, "[am insurer's responsibility to provide uninsured and underinsured motorist coverage is mandatory, not discretionary." Orkney v. Hanover Ins. Co.,248 Conn. 195, 201, 727 A.2d 700 (1999).[1] The insurance policy in the present action provides for both uninsured and underinsured motorist coverage; however, the defendant argues that because the arbitration clause in the policy only refers to uninsured motorist claims, the plaintiff's underinsured motorist claim is not arbitrable.
Our appellate courts have yet to address the issue of whether an insured may seek to compel arbitration pursuant to § 38a-336 in an underinsured motorist claim where the arbitration clause itself provides for arbitration only in uninsured motorist claims. The case of Flynn v.Great American Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 423090 (May 4, 1999, Pittman, J.) (24 Conn.L.Rptr. 414), is directly on point. In Flynn, the court addressed whether an arbitration clause, drafted in the same language as the clause at issue in this action, provides for arbitration of CT Page 3135 underinsured motorist claims. Relying on Hotkowski v. Aetna Life Casualty Co., 224 Conn. 145, 151, 617 A.2d 451
(1992), the court in Flynn held that "the term `uninsured motorist' has come to include `underinsured motorist' by legislative fiat." Flynn v. Great American Ins. Co., supra,24 Conn.L.Rptr. 415; see also Hotkowski v. Aetna Life Casualty Co.,
supra, 224 Conn. 151 (" [w]hen the legislature enacted Public Acts 1979, No. 79-235, it included underinsured vehicles within the coverage of the uninsured motorists statute, § 38-175c, now recodified as § 38a-336"). The court concluded that "[o]nce a choice is made that arbitration shall apply to [a] claim for uninsured motorist benefits, the same provision must apply to a claim of underinsured motorist benefits."Flynn v. Great American Ins. Co., supra, 24 Conn.L.Rptr. 415.[2]
It should also be noted that Aetna Casualty Surety Co. v. Lighty,3 Conn. App. 697, 491 A.2d 1118 (1985), as cited by the defendant in its objection, is inapplicable to the present action. In Aetna Casualty Surety Co. v. Lighty, the court held that the arbitration clause in an insurance policy that provides for the arbitration of disputes involving uninsured motorist claims does not apply to underinsured motorist claims because the underlying policy was not in effect when Public Acts 1979, No. 79-235 (now codified at § 38a-336) was enacted. Id., 701-02. The court therefore refused to apply Public Act 79-235 retroactively so as to permit the arbitration of underinsured motorist claims. Id. As noted above, however, and in light of § 38a-336, our courts now recognize that "the term uninsured motorist' has come to include `underinsured motorist' by legislative fiat." Hotkowski v. Aetna Life Casualty Co.,
supra, 224 Conn. 151.
Finally, the court cannot ascertain a legitimate policy reason why the arbitration claim should apply to uninsured motorist claims but not underinsured motorist claims. The court therefore finds that the arbitration clause in this action pertains to uninsured motorist claims, and underinsured motorist claims.
The defendant additionally argues that even if the plaintiff is entitled to arbitration, the plaintiff has waived the right to arbitrate his claim because the plaintiff initiated this action approximately two years ago. Furthermore, the defendant argues that since the time that the complaint was filed, the defendant has filed interrogatories, deposed the plaintiff, filed pleadings and attended pre-trials. In his opposition to the defendant's objection, the plaintiff argues that he did not seek arbitration sooner because the defendant did not provide him with a copy of the policy until the most recent pre-trial hearing. CT Page 3136
Our courts have recognized "that an arbitration clause may be waived by the parties or by the one entitled to its benefit." (Internal quotation marks omitted.) Advest, Inc. v. Wachtel, 235 Conn. 559, 569, 668 A.2d 367
(1995). "[U]njustifiable delay in seeking arbitration may warrant a finding of waiver . . . The same result follows from the going to trial without insisting upon the arbitration condition." (Internal quotation marks omitted.) Waterbury Teachers Assn. v. Waterbury, 164 Conn. 426,435, 324 A.2d 267 (1973); McGee v. The Hartford, Superior Court, judicial district of Fairfield, Docket No. 359979 (May 2, 2000, Skolnick, J.) (27 Conn.L.Rptr. 117) ("[a] waiver may be triggered by unjustifiable delay in seeking arbitration or by going to trial without insisting upon the arbitration condition"). "Initiation or participation in litigation are not the only grounds upon which a finding of waiver can be made. Any conduct showing a party did not regard the arbitration agreement in effect or that it did not intend to avail itself of such a provision can constitute waiver." (Internal quotation marks omitted.) PersonalReminders v. SNET Mobility, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 160743 (September 25, 1998,Karazin, J.).
The plaintiff represents that he was not provided with a copy of the defendant's policy until just prior to the most recent pre-trial hearing. Accordingly, the plaintiff's delay is justified and the plaintiff has not waived his right to arbitration.
 CONCLUSION
In light of the foregoing, the plaintiff's motion to compel arbitration is granted.
CHASE R. ROGERS, J.