[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (No. 111)
A. FACTS:
The plaintiff, Meredith DiRusso (plaintiff) alleges that on or about December 5, 1993, she was a passenger in a car owned by the defendant John Wilt, and operated by the defendant Hayley Wilt. It is further alleged that Ms. Wilt was negligent in her operation of the vehicle which caused or contributed to the accident. Additionally, the plaintiff alleges that the negligence of the defendant Winston Douglas also contributed and/or caused the accident. The plaintiff alleges as a result of the accident she sustained injuries.
At the time of the accident, the plaintiff was residing with her mother, Darla DiRusso. Plaintiff alleges Darla DiRusso carried a policy of automobile insurance (policy) with the defendant Liberty Mutual Fire Insurance Company (Liberty Mutual). The policy contained an underinsurance (UIM) clause, CT Page 4109-AA whereby Liberty Mutual was contractually obligated to provide payments for the plaintiff's injuries from a negligent driver with inadequate insurance coverage. The plaintiff alleges, in count three of her amended complaint, that the insurance of the other defendants are inadequate, and thus brings a UIM count against Liberty Mutual.
Liberty Mutual has filed a motion to strike the third count with an accompanying memorandum in support. The plaintiff has amended her complaint and filed and objection to the defendant's motion to strike and a supporting memorandum of law.
B. DISCUSSION:
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted).Mingachos v. CBS, Inc., 196 Conn. 91, 108-09, 491 A.2d 368
(1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
The defendant stated the ground for striking the third count as: The third count of the plaintiff's complaint "fails to allege that the Plaintiff has exhausted the liability coverage of the alleged tortfeasor."
In McGlinchey v. Aetna Casualty Surety Co.,224 Conn. 133, 617 A.2d 445 (1992), the Supreme Court addressed the statute of limitations applicable to initiating an uninsured/underinsured arbitration claim in stating:
 Enforcement of the two year [statutory and policy] time limitation does not impose an insuperable burden on an insured, because a demand for arbitration can be timely filed even while claims against the tortfeasor are being pursued in another forum. Continental Ins. Co. v. Cebe-Habersky, 214 Conn. 209, 571 A.2d 104 (1990), did not hold that a claim against a tortfeasor and an arbitration action against an insurer CT Page 4109-BB cannot be initiated simultaneously.
Id., 141 n. 7.
In Hotkowski v. Aetna Life Casualty Co., 224 Conn. 145,150 n. 6, 617 A.2d 451 (1992), the Court reiterated its holding in McGlinchey, supra, and applied it to any insurance clause "imposing a two year limitation on the time for initiating `claims or suits'." Id., 150; discarding the plaintiff's allegation that it was prohibited from initiating any `claim or suit' prior to exhaustion of the tortfeasor's policy.
In the instant case, the plaintiff has the right to initiate the UIM cause of action prior to exhausting the policies of the alleged tortfeasors. Accordingly, the plaintiff need not plead that it has either exhausted the tortfeasors policy or that the tortfeasor's insurance is inadequate, in the plaintiff's complaint. However, this is not to say that the plaintiff will be able to go to judgment against its UIM carrier prior to the exhaustion of the tortfeasors policy. § 38a-336
(2)(b)[1] § 38a-336 (2)(b) states in relevant part:
 An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted
by payment of judgments or settlements . . . (Emphasis added.).
§ 38a-336 (2)(b).
The defendant relies on Stevens v. Aetna Life CasualtyCo., 233 Conn. 460, 470 n. 15, 659 A.2d 707 (1995) for the proposition that the plaintiff is prohibited from filing a UIM cause of action until the plaintiff has exhausted the limits of the tortfeasor's policy. Footnote 15 states: "Subsection (e) of 2 of P.A. 93-77 was passed, inter alia, to avoid the possibility of unnecessary litigation resulting from the filing of underinsured motorist claims prior to the exhaustion of the limits of the tortfeasor's policy."
The plaintiff, however, also relies on Stevens for CT Page 4109-CC the opposite proposition. Footnote 14 states:
 As we noted in McGlinchey v. Aetna Casualty Surety Co., . . . and Hotkowski v. Aetna Life Casualty Co., . . . an insured may commence an action for underinsured motorist benefits prior to exhausting the liability limits of the tortfeasor's policy. (Emphasis added, internal citations omitted.)
Id., 470 n. 14.
In this court's opinion, the plaintiff has sufficiently alleged facts, taken in the light most favorable to her, to state a cause of action upon which relief may be granted. Accordingly, the motion to strike the third count should be denied on this ground.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the defendant's motion to strike, ought to be and is hereby denied.