[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #125
The defendant, Aetna Insurance Company (Aetna), has moved to strike the eleventh count of the plaintiffs' amended complaint filed on December 4, 1996. In the eleventh count Marjorie Ferry Reid (Reid) alleges that she is entitled to underinsured motorist benefits from Aetna resulting from a automobile accident with Carl V. Anderson. At the time of the accident Reid was operating a motor vehicle owned by Marion VanWart and insured by Aetna. Reid alleges that "the motor vehicle liability insurance policy covering the defendant, Carl V. Anderson, Sr., is likely to be exhausted and inadequate to fully compensate the plaintiff, Marjorie Ferry Reid, for her injuries and losses."
Aetna has moved to strike count eleven on the ground that pursuant to General Statutes § 38a-336 the plaintiff cannot bring a claim for underinsured motorist benefits until all applicable liability bonds or insurance policies have been exhausted. CT Page 3132
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, counterclaim, or cross complaint to state a claim upon which relief can be granted." Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357, (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint"; Id.; and the grounds specified in the motion. Blancato v. Feldspar Corp.,203 Conn. 34, 44, 522 A.2d 1235 (1987). "The motion to strike admits all facts well pleaded." Mingachos v. Central Broadcasting Systems,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "The court must construe the facts in the complaint most favorably to the plaintiff." Waters v. Autuori, supra, 236 Conn. 825.
Section 336(b) states, in pertinent part, that:
 "An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements . . ."
Subsection (b) provides that the insurance carrier is not obligated to make payment until all liability policies have been exhausted. It does not, however, resolve the issue of whether a plaintiff can commence an action against the insurance carrier for underinsured motorist benefits prior to exhaustion. InMcGlinchey v. Aetna Casualty Surety Co., 224 Conn. 133, 141
n. 7, 617 A.2d 445 (1992), the Supreme Court stated that a demand for arbitration can be timely filed even while claims against the tortfeasor are still being pursued. The Supreme Court inHotkowski v. Aetna Life Casualty Co., 224 Conn. 145, 150 n. 6,617 A.2d 451 (1992), expanded McGlinchey to include an action to recover pursuant to an uninsured motorist insurance policy.
In 1995 the Supreme Court reaffirmed those statements and "made it clear in McGlinchey and Hotkowski that an insured may properly commence an action for underinsured motorist benefits prior to exhausting the liability limits of the tortfeasor's policy . . ." Serrano v. Aetna Ins. Co., 233 Conn. 437, 455,664 A.2d 279 (1995). Additionally, in Stevens v. Aetna Life Casualty Co., 233 Conn. 460, 470 n. 14, 659 A.2d 707 (1995), the court stated that "[u]nder General Statutes § 38a-336
(b) . . . an insured may recover uninsured or underinsured CT Page 3133 motorist benefits only after exhausting the liability limits of the tortfeasor's policy . . . however, an insured may commence an action for underinsured motorist benefits prior to exhausting the liability limits of the tortfeasor's policy."
Aetna argues that the passage of Public Act 93-77[1] (P.A. 93-77), which amended § 38a-336, was intended to avoid the possibility of unnecessary litigation resulting from the filing of underinsured motorist claims prior to the exhaustion of the limits of the tortfeasor's policy. See 36 H.R. Proc., Pt. 8, 1993 Sess., p. 2759, remarks of Representative Dale W. Radcliffe; Conn. Joint Standing Committee Hearings, Judiciary, Pt. 2, 1993 Sess., pp. 543, 545-46, remarks of William F. Gallagher.
Section 2 of P.A. 93-77 provided that:
 "No insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration on a claim be made on the uninsured or underinsured motorist provisions of an automobile liability insurance policy to a period of less than three years from the date of accident, provided, in the case of an underinsured motorist claim the insured may toll any applicable limitation period (1) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, of any claim which the insured may have for underinsured motorist benefits and (2) by commencing suit or demanding arbitration under the terms of the policy not more than one hundred eighty days from the date of exhaustion of the limits of liability under all automobile injury liability bonds or automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals."
The amendment set the outer limit for the latest an underinsured motorist claim could be filed by expanding the time in which a plaintiff had to file. Research did not reveal any Connecticut case supporting the proposition that the passage ofP.A. 93-77 § 2 prohibits a plaintiff from commencing an action for underinsured motorist benefits prior to the exhaustion of the tortfeasor's policy. In fact, the other Superior Court cases addressing this issue have followed the Supreme Court and held that a plaintiff could commence such an action. See BergerCT Page 3134v. Lucker, Superior Court, judicial district of Waterbury, Docket No. 124176 (May 9, 1996, Vertefeuille, J.); DiRusso v. Wilt, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 470863 (17 Conn. L. Rptr. 147, May 6, 1996, Arena, J.).
For the foregoing reasons, the Aetna's motion to strike the eleventh count of the plaintiff's complaint is denied.
DRANGINIS, J.